UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                        ) Case No. _____
                                             )
                                             ) NOTICE OF MOTION FOR RELIEF
                                             ) FROM (Check all that apply):
                                             )    AUTOMATIC STAY IN A **CHAPTER 7/13** CASE
Debtor(s)                                    )    CHAPTER **13** CODEBTOR STAY

I. YOU ARE NOTIFIED that a Motion was filed by _____, the moving party, for (Check all that apply):

   ☐ Relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 USC §362.

   ☐ Relief from the stay protecting the codebtor, whose name and service address are: _____
   _____,
   and codebtor's property as provided by 11 USC §1301.

II. A copy of the Motion is attached.  The name and service address of the moving party's attorney (or moving party, if no attorney) are:_____
_____

III. If you wish to resist the Motion, you must, within 14 days of the service date shown below, file the following with the Clerk of the U.S. Bankruptcy Court [NOTE:  If you mail the Response to the Court for filing, you must mail it at least 3 days before the filing deadline, unless you use an overnight delivery service, so that it will actually be received at the Court on time]:

   A. A written response that states the facts supporting the opposition to the Motion by filling in the applicable "Response" portions on a copy of the original Motion. [NOTE: If the Response will be electronically filed, the Response must be prepared using the "fillable" pdf version of the original Motion unless the Motion was filed on paper and could not be electronically obtained from the movant];

And  B. A fully completed Notice of Hearing using Local Form #721, including the date and time of the hearing.  Available hearing dates and times are posted on the Court's website at www.orb.uscourts.gov under the "Hearings" heading. If you do not have internet access, please call the Court at (503) 326-1500 or (541) 431-4000 and press "0" to obtain the required forms and hearing information from a Court clerk.

IV. <u>Failure to Respond and Serve Proper Notice of Hearing</u>.  If you fail to file a timely response and a proper Notice of Hearing, then either:

   A. The automatic stay will expire as to the debtor(s) pursuant to 11 USC §362(e) 30 days after the Motion was originally filed, and/or the stay protecting the codebtor will automatically expire pursuant to 11 USC §1301(d) 20 days after the date the Motion was originally filed;

Or  B. The Court may sign an ex parte order, submitted by the moving party on Local Form #720.90, granting relief from the debtor stay and/or codebtor stay.

                                   Clerk, U.S. Bankruptcy Court
                                   [NOTE:  If the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; <u>OR</u> if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401.]

I certify that:  (1) The Motion was prepared using the Court's "fillable" PDF version of Local Form #720.80; and (2) that on _____ I served copies of this Notice and the Motion on the Debtor(s), any codebtor at the address listed above, Trustee, U.S. Trustee, members of any committee elected pursuant to 11 USC §705, and their respective attorneys.

                                   _____
                                   Signature of Moving Party or Attorney            **(OSB#)**
720 (12/1/11)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No._____
)
) (CHECK ALL APPLICABLE BOXES)
) Ch. 7/13 Motion for Relief from
) ☐ DEBTOR   ☐ Chapter **13** CODEBTOR Stay
) Filed by Creditor:
) _____
) *Response to Stay Motion filed by Respondent:*
Debtor(s) ) _____

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** *(To be completed by creditor)*

   a. Description of collateral (car model, year, VIN, property address):

   b. Amount of debt: $_____ consisting of principal: $_____; interest: $_____; other:

   c. Description, amount and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:

      Total debt secured by collateral (total 1.b. + 1.c.): $_____.

   d. Value of collateral: $_____.
      Equity in collateral: $_____, after deducting $_____ liquidation costs.

   e. Current monthly payment: $_____.

   f. If Chapter 13:

      (1) $_____ postpetition default consisting of (e.g., $____ payments, $____ late charges, $____ fees):

      (2) $_____ prepetition default consisting of  ☐ amounts specified in proof of claim, or,  ☐ consisting of:

   g. If Chapter 7, total amount of default $_____.

**RESPONSE** *(Identify specific items disputed and specify what you contend are the pertinent facts including why there is a postpetition default, if applicable) (to be completed by respondent):*

2. **Relief from stay should be granted because (check all that apply):** *(To be completed by creditor)*
    Lack of adequate protection because of failure to make sufficient adequate protection payments and lack of a sufficient equity cushion.
    Lack of insurance on collateral.
    No equity in the collateral and the property is not necessary for an effective reorganization.
    Failure of debtor to make Chapter 13 plan payments.
    Failure of debtor to make payments to secured creditor required by ¶4 of Chapter 13 plan.
    Other (describe):

*RESPONSE (Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Rules & Forms/Local Bankruptcy Forms (LBF)) (to be completed by respondent):*

3. **Background** *(To be completed by creditor)*

    a. Date petition filed: _____    Current Chapter: _____ (7 or 13)
       If 13, current plan date _____ Confirmed:  Yes    No
       If 13, treatment of creditor's prepetition claim(s) in plan:

       If 7, debtor  has  has not stated on Local Form (LBF) #521 or #521.05 that debtor intends to surrender the collateral.

    b. Creditor has a lien on the collateral by virtue of (check all applicable sections and also see ¶6 below):
       Security agreement, trust deed or land sale contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected as required by applicable law on _____.
       Retail installment contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected on the certificate of title on _____.
       Other (describe):

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

4. **Request for Relief from Codebtor Stay** (Only Chapter **13**)

    a. _____, whose address is _____
       _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

    b. Creditor should be granted relief from the codebtor stay because (check all applicable boxes):    codebtor received the consideration for the claim held by creditor,    debtor's plan does not propose to pay creditor's claim in full,    creditor's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above and/or    because:

*RESPONSE* *(Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

5. **Other Pertinent Information** *(To be completed by creditor, if applicable):*

*RESPONSE* *(Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

6. **Relief Requested (check all applicable sections):** *(To be completed by creditor)*

   Creditor requests relief from the automatic stay to allow it to foreclose its lien on the above identified collateral, and, if necessary, to take appropriate action to obtain possession of the collateral.

   Creditor has a security interest in real property and requests relief from stay with respect to an act against such property and that the relief be binding in any other bankruptcy case purporting to affect such real property filed not later than 2 years after the date of the entry of an order granting this motion. (*If you check this box, you must complete ¶5 above to support this request. If you do not do so, the Court will not grant relief binding in any other bankruptcy case.*)

   Creditor requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:

   Other (describe and explain cause):

*RESPONSE* *(Identify any disputed items and specify the pertinent facts. If respondent agrees to some relief, attach a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Rules & Forms/Local Bankruptcy Forms (LBF)) (to be completed by respondent):*

7. **Documents:**

   **If creditor claims to be secured in ¶3.b. above** creditor has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.

**RESPONDENT requests creditor provide** Respondent with the following document(s), if any marked, which are pertinent to this response:

    Postpetition payment history.
    Documents establishing that creditor owns the debt described in ¶1 or is otherwise a proper party to bring this motion.
    Other document(s) (specific description):

CREDITOR/ATTORNEY

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **DEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **CODEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

*YOU ARE HEREBY NOTIFIED THAT THE CREDITOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

LIST FOR REPOSSESSION      Pg 1 of 3

Knibbe vs. Smith

1. 1966 CORVETTE ( VIN # 1943765102318 )    LIC. # OLD--USA 909 + ALL RELATED PARTS
   # NEW---SP16668

2. CHEV. 350 CU. IN. ENG. NEW-REBUILT (FOR NOVA)

3. FORD-REAR DEFERENTIAL AXILS & HOUSINGS

4. CHEV. LARGE BLOCK RECTANGULAR PORT HEADS SET.

5. ALL AUTO PARTS ON AUTHORIZED LIST DATED 8-2-10 (SEPARATE ATTACHED) TAKEN FOR TRADE TO SHOP BY SMITH

6. 1959 CORVETTE ( VIN# J595106260 ) LIC. # USA899 - INCLUDING ALL RELATED PARTS

   | | |
   |---|---|
   | (ie. "GANT ALUMINUM RADIATOR") | COMPLETE CHEV. 350. C. I. ENG. |
   | GRILLE   FRONT & REAR BUMPERS | VIC. JR. INTAKE MANIFOLD  CARB |
   | HOOD   EMBLEMS   SEATS | STARTER   ALT.   HEADERS |
   | INTERIOR   ALL DECOR | EXHT. PIPES   MUFFLERS |
   | HANDLES   NOBS   MIRRORS | UNDER SUSPENSION |
   | INSTRUMENTS | STEERING WHEEL COLUMN |
   | WHEELS   CAPS | 59' CORVETTE INSULATED CAR COVER |



AUTO PARTS        LIST FOR REPOSESSION        TAKEN TO JC AUTO 8/2/10

KNIBBE vs. SMITH        Pg 2 of 3

1. CHEV. 454 C.I. MARINE ENGINE + PORTED R.R. HEADS + PUSH RODS, ROLERS

2. THREE (3) B.B. (BIG BLOCK) ENG. CRANKS

3. ONE (1) DODGE 440 C.I. CRANKS

4. ONE (1) GM. ALUMINUM B.B. BIG BLOCK MANIFOLD # 3885059

5. ONE (1) SET CHEV. B.B. BIG BLOCK ENG. HEADS #3917215

6. ONE (1) CAM SHAFT 70 B.B. BIG BLOCK CHEV. A.

7. ONE (1) CAM SHAFT 70 B.B. BIG BLOCK CHEV. B.

8. ONE (1) SET CHEV. SM. BLK. 'ANGLE PORT' HEADS (FOR 59' VETTE)

9. ONE (1) WEIAND TUNNEL RAM POLISHED W/2 HOLLEY CARBS. 600 CFM

10. ONE (1) DART B.B. INTAKE MANIFOLD W/

11. ONE (1) DART "DOMINATOR" CARBURATOR (IN BOX)

## PROCEDURES RE MOTIONS TO EXTEND/IMPOSE 11 USC §362 AUTOMATIC STAY PURSUANT TO §362(c) or §362(n)

1. <u>Timing re Motions to Extend/Impose Automatic Stay Pursuant to §362(c) or §362(n)</u>:

    a. <u>Motion to Extend</u>. A motion to extend the automatic stay pursuant to §362(c)(3) must be filed within seven (7) days after the order for relief.

    b. <u>Motion to Impose</u>. A motion to impose the stay pursuant to §362(c)(4) or §362(n)(2) must be filed within thirty (30) days after the order for relief.

2. <u>Content of Motion Filed Pursuant to §362(c)</u>. The motion shall include the following information: (a) the case number, date of filing, date of dismissal, and reason for dismissal of each of the debtor's bankruptcy cases that were dismissed within the year prior to the filing of the current case; (b) specific information as to why the moving party contends the current case was filed in good faith, (c) specific identification of the applicable presumption(s) that the case is not filed in good faith under §362(c)(3)(C) or §362(c)(4)(D); and (d) the basis for moving party's contention that the presumptions should be rebutted. The motion must be supported by an affidavit or declaration.

3. <u>Content of Motion Filed Pursuant to §362(n)(2)</u>. The motion shall include the following information: (a) the case number, date of filing, date and reason for dismissal (if applicable) of any prior bankruptcy cases described in §362(n)(1)(A) - (D); (b) specific information as to why the moving party contends that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the prior case was filed; and (c) specific information as to why the moving party contends that it is more likely than not that the Court will confirm a feasible plan, but not a liquidating plan, within a reasonable period of time. The motion must be supported by an affidavit or declaration.

4. <u>Filing of Motion and Notice of Hearing</u>. The moving party must timely file with the Clerk of the Bankruptcy Court, and contemporaneously serve, both (a) a written Motion complying with the requirements of ¶2 or ¶3 above, and (b) a fully completed Notice of Hearing using <u>Local Form (LBF) #721.5</u>, including the date and time of the hearing obtained from, and following the instructions of, the Court's website (under the Hearings heading, see <u>Motion re: Imposing/Extending Sec. 362 Stay</u>).

    A. Unless electronically filed, file the Motion/Notice of Hearing in the Portland Office (1001 SW 5th Ave. #700, Portland, OR 97204) if the 5-digit portion of the Case No. begins with "3" or "4", or the Eugene Office (405 E 8th Ave. #2600, Eugene, OR 97401) if it begins with "6" or "7".

    B. If you mail your documents to the Court for filing, you must mail them at least three (3) days before any filing deadline, unless you use an overnight delivery service, so they will actually be received at the Court on time.

5. <u>Required Attendance at Hearing</u>. The moving party must be present at the hearing. The moving party may appear via telephone.

721.3 (7/18/13)